# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:16-cv-267-FDW

| | |
|---|---|
| WILEY DALLAS JOHNSON, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) **ORDER** |
| NORTH CAROLINA DEPARTMENT<br>OF PUBLIC SAFETY, et al., | )<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the Court on Plaintiff's Motion for Prayer for Relief, (Doc. No. 59), and Motion of Defendants Mike Ball, Carolyn Buchanan, Bret Bullis, James Duckworth, Chad Green, David W. Guice, Cindy Haynes, Norma Melton, FNU Pendland, Frank L. Perry, Sandra Pittman, FNU Remfro, Mike Slagle, Paula Y. Smith, FNU Stroupe, and James Vaughn, for a 60-day extension of time in which to file dispositive motions, (Doc. No. 60).

In Plaintiff's Motion for Prayer for Relief, he alleges that the records show that the Defendants were negligent and deliberately indifferent, that Plaintiff's right to pursue the grievance procedure was hindered, that the Court has failed to adequately inform him how to proceed *pro se*, and that he should be released from prison while he is awaiting a liver transplant.

Liberally construing Plaintiff's Motion for Prayer for Relief, it appears that he may be seeking summary judgment. His motion will be denied. Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fec. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty

1

Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id. Plaintiff's restatement of his allegations without any supporting documentation fails to demonstrate that no genuine dispute of material fact exists for trial and that he is entitled to judgment as a matter of law. Further, his claim for immediate release is not cognizable in this § 1983 action.

Defendants seek an extension of the dispositive motion deadline. For good cause shown, the Defendants' Motion to extend the time for filing dispositive motions will be granted until November 26, 2018. Absent extraordinary circumstances, further extensions of the dispositive motion deadline will not be granted.

**IT IS HEREBY ORDERED** that

1) Plaintiff's Motion for Prayer for Relief, (Doc. No. 59), is **DENIED.**
2) Defendants' Motion to extend the time for filing dispositive motions, (Doc. No. 60), is **GRANTED** until November 26, 2018. Absent extraordinary circumstances, further extensions of the dispositive motion deadline will not be granted.

Signed: September 18, 2018

Frank D. Whitney
Chief United States District Judge